UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE: FELIX A. SOLIS,

CASE NO.: 14-20230-RAM

Chapter 7

DEBTOR(S),

_____/

**RESPONSE IN OPPOSITION TO MOTION TO REINSTATE CASE AND CONVERT CASE UNDER CHAPTER 7 TO CASE UNDER CHAPTER 13 AND OBJECTION TO MOTION FOR EXTENSION OF AUTOMATIC STAY AND INCORPORATED MEMORANDUM OF LAW**

Creditor NATIONSTAR MORTGAGE, LLC (hereinafter "NATIONSTAR"), pursuant to Rule 9024, Bankruptcy Rules of Procedure ("Rule 9024"), and Rule 60, Federal Rules of Civil Procedure ("Rule 60"), by and through the undersigned counsel hereby files this Response in Opposition to Debtor, FELIX SOLIS' (hereinafter "Debtor") Motion to Reinstate Case and Convert Case Under Chapter 7 to Case Under Chapter 13 and Objection to Motion for Extension of Automatic Stay and Incorporated Memorandum of Law and in support thereof states as follows:

**PRELIMINARY STATEMENT**

Debtor SOLIS' Motion to Reinstate Case and Convert Case Under Chapter 7 to Case Under Chapter 13 (hereinafter "Motion to Vacate") is an attempt to vacate a prior order of dismissal (the "Order") and circumvent the prohibition against filing a new petition for relief within 180 days in order to prevent Nationstar from obtaining secured real property at a scheduled foreclosure sale, set for July 11, 2014.

Despite titling the Motion as a request for "reinstatement," the Debtor is actually seeking relief from the Order, which is only permitted pursuant to Rule 9024, and by incorporation, Rule

1067359.1

60, and this Response will treat the Motion to Vacate as a request for relief from a final judgment or order under Rule 60.

Rule 60 provides six (6) narrow grounds for a Court to relieve a party from a final judgment or order. Critically, in the Motion to Vacate, the Debtor fails to advance any one of the six narrow grounds that would support this Court granting relief from the Order under Rule 60. In fact, the Debtor's sole basis for relief from the Order is that he wishes to "save his home using the LMM program." The Debtor's Motion should be denied as he has failed to satisfy the requirements of Rule 60(b) to vacate the Order.

## PROCEDURAL HISTORY

1. The foreclosure action commenced against Debtor, FELIX A. SOLIS, on or about October 19, 2009 in Miami-Dade Circuit Court.

2. Debtor filed a Chapter 13 Voluntary Petition in the U.S. Bankruptcy Court for the Southern District of Florida under Case No. 13-27730-LMI (the "2013 Bankruptcy Action"), *pro se*, on July 29, 2013.

3. On July 29, 2013, Debtor was provided with notice of multiple filing deficiencies and given specific deadlines for correcting the deficiencies.

4. When Debtor failed to correct the referenced filing deficiencies within the timeframes provided by the Court, an Order Dismissing Case for Failure of Debtor to Correct Filing Deficiency was entered on August 12, 2013, which dismissed the 2013 Bankruptcy Action with prejudice for one hundred and eighty days (180).

5. Nationstar then moved for Final Summary Judgment in the Mortgage Foreclosure Action on March 28, 2014 and scheduled a hearing on its Motion for Final Summary Judgment

for May 23, 2014. Debtor was provided with a copy of the Motion for Final Summary Judgment and notice of the May 23, 2014 hearing.

6. Debtor, again *pro se*, filed a Chapter 7 Voluntary Petition in the U.S. Bankruptcy Court for the Southern District of Florida under Case No. 14-20230-RAM (the "2014 Bankruptcy Action") on May 2, 2014.

7. Again Debtor failed to meet the filing requirements and, on May 2, 2014, was again provided with notice of the filing deficiencies and given specific deadlines for correcting the deficiencies.

8. When Debtor again failed to correct the filing deficiencies within the allotted time, on May 16, 2014, this Court entered an Order Dismissing Case for Failure of Debtor to Correct Filing Deficiency, which dismissed the 2014 Bankruptcy Action with prejudice for one hundred and eighty (180) days.

9. Nationstar subsequently obtained a Final Judgment of Mortgage Foreclosure in the Mortgage Foreclosure Action on May 23, 2014, which scheduled a foreclosure sale of property currently owned by Debtor for July 11, 2014.

10. On May 23, 2014, Debtor, now represented by counsel, filed an Emergency Motion to Reinstate Case and Convert Case to Chapter 13 and an emergency hearing is scheduled to take place on May 29, 2014.

11. Granting the relief requested by the Debtor would be highly prejudicial to Nationstar.

**ARGUMENT AND MEMORANDUM OF LAW**

A.  **The bankruptcy case should not be reinstated**

1.  *Debtor has Failed to Meet the Requirements of Rule 60(b)*

The Debtor has failed to state a basis for relief from the Order under Rule 9024, and by incorporation, Rule 60(b). Rule 60(b) states that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" only for one of six enumerated reasons. Fed. R. Civ. P. 60(b). The narrow grounds for relief from a judgment or order under Rule 60(b) are as follows: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) Newly discovered evidence; (3) Fraud; (4) Judgment is void; (5) Judgment has been satisfied or released; or (6) Any other reason that justifies relief. Id. The Debtor has failed to cite to the specific ground under Rule 60(b) for which he is entitled to relief; however, the lone factual allegation in his Motion to Vacate, i.e. the request for a loan modification review, could only conceivably seek relief under subsection (b)(6). The Motion to Vacate clearly does not contain a single fact that relates to the grounds enumerated in subsections (b)(1) through (b)(5) of Rule 60.

Subsection (b)(6) of Rule 60 is generally referred to as the "catch all provision." Olmstead v. Humana, Inc., 154 Fed. App'x. 800, 805 (11th Cir. 2005). "It is well established, however, that relief under this clause [(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 679 (11th Cir. 1984); Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000) (holding that this remedy is intended "only for extraordinary circumstances"). "[The movant] must demonstrate a justification for relief so compelling that the district court [is] *required* to grant [the] motion." Olmstead, 154 Fed. App'x. at 806 (quoting Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996)). Where a party fails to meet its burden establishing exceptional

4

circumstances, relief from judgment under Rule 60(b)(6) is not appropriate.  *See* Cook, 2012 U.S. Dist. LEXIS 54197 at *3-5 (holding that where party "relied only on bare assertions and identified no reason tending to justify relief, [the party] cannot prevail on the Rule 60(b) motion") (citing Saunders v. United States, 380 F. App'x 959, 964 (11th Cir. 2010) (holding that relief under Rule 60(b)(6) is an exceptional remedy).

Like in Cook, the Debtor herein offers no compelling reasons for this court to set aside the Order under Rule 60(b)(6).  In fact, the only reason advanced in the Motion to Vacate is that the Debtor wishes to be reviewed for a loan modification.  This bare conclusion, however, is not supported by any factual allegations that would give rise to this request being an "exceptional circumstance" to justify the relief sought herein.  In fact, the Debtor advances no factual allegations to state why he allowed both prior bankruptcy actions to be dismissed with prejudice, and more importantly, how such reasons would support relief under Rule 60(b)(6), this Court must deny the Debtor's Motion to Vacate.

### 2. *Debtor's Conduct Constitutes Bad Faith*

Notwithstanding that the Debtor has failed to meet his burden in vacating the Order and reinstating the case, it should also be noted that the Debtor's multiple filings in this Court constitute an abuse of process.  Such tactics are strongly disfavored by the Courts.  *See* In re. Schreiber, 14 B.R. 1013 (Bankr. S.D.Fla. 1981); In re Martin, 215 B.R. 119 (Bankr. N.D. Tx. 1997); In re. Akins, 55 B.R. 183 (Bankr. M.D. Fla. 1985).  Debtor filed his first bankruptcy petition under Chapter 13 on July 29, 2013 and filed nothing in response to the Court's directive requiring the correction of pleading deficiencies.  The Court subsequently dismissed the petition with prejudice for 180 days.  Debtor then on May 2, 2014, following Nationstar's filing of its Motion for Summary Judgment in the foreclosure action, filed a second petition, this time under

5

Chapter 7. Again, Debtor did nothing to correct his pleading deficiencies as required by this Court and as such, this case was also dismissed with prejudice for 180 days. The Circuit Court then granted Final Judgment of Mortgage Foreclosure in Nationstar's favor on May 23, 2014, and then the Debtor filed the instant Motion to Vacate. This is clearly in an attempt to prevent the foreclosure sale from going forward. Such activity constitutes bad faith on the part of the debtor and an overt attempt at delaying the foreclosure case from concluding.

It should also be noted that Debtor specifically states in his Motion that he is attempting to reinstate the bankruptcy action in order to "save his home using the LMM program." Significantly, however, Debtor at no point during the pendency of the foreclosure case which commenced in 2009 even attempted to be reviewed for loss mitigation alternatives. As such, the Debtor's newly stated intentions are clearly disingenuous and simply an attempt to orchestrate a delay.

### B. Objection to Motion for Extension of Automatic Stay

The Debtor is also seeking an extension of the Automatic Stay pursuant to 11 U.S.C. §362. Critically, however, the Debtor has completely failed to meet the requirements for extending the stay set forth under 11 U.S.C. §362(c)(3)(B). Specifically, the Debtor has failed to show that the filing of the subject case is in good faith as to Nationstar. In fact, Debtor failed to provide any allegations whatsoever, let alone substantive evidence, that would support rebutting the presumption of bad faith as outlined in 11 U.S.C §362(c)(3)(C). In light of this, this Court should deny the Debtor's request for an extension of the Automatic Stay, or at a minimum, require an evidentiary hearing as to the Debtor's burden of proof.

### CONCLUSION

The Debtor has failed to meet his burden under Rule 60(b)(6) to support vacating the Order of Dismissal.  The Debtor has also failed to meet his burden under 11 U.S.C. §362(c)(3)(B) to support extending the Automatic Stay.  Thus, both Motions should be denied.

      Respectfully submitted,

<u>/s/R. Carter Burgess</u>
R. Carter Burgess, Esq.
McGlinchey Stafford, PLLC
Florida Bar No. 058298
10407 Centurion Parkway, N., Suite 200
Jacksonville, FL 32256
(904) 224-4498 (telephone)
(904) 212-1828 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished, electronically, through the CM/ECF system, to all parties on the mailing matrix, this 28th day of May, 2014.

        /s/R. Carter Burgess, Esq.
        Attorney